

# MINNESOTA LAWYERS MUTUAL
INSURANCE COMPANY

June 9, 2009

Sent Via Registered E-Mail Only

PERSONAL & CONFIDENTIAL

Mr. Jonathan Shurberg
Jonathan S. Shurberg, P.C.
1317 Apple Avenue
Silver Spring, MD 20910

Re:  MLM File Number:   09-469
     Policy Number:     18908-5
     Insured:           Jonathan Shurberg
                        Jonathan S. Shurberg, P.C.
     Claimant:          Rosa Peralta

Dear Mr. Shurberg:

This letter will confirm our telephone conversation of June 9, 2009, wherein I advised you that we have determined that your MLM policy provides no coverage for this claim.

Presently, you are insured under MLM policy 18908-5 which has effective dates of July 15, 2008 to July 15, 2009. This policy provides limits of liability of $1,000,000 per claim, subject to a $3,000,000 annual aggregate and a $5,000 per claim deductible.

The *CLAIMS-MADE PROVISIONS* of the MLM policy state in part:

> *A CLAIM is covered only if made during the POLICY PERIOD or extended reporting period and reported to US:*
> *(1) during the POLICY PERIOD;*
> *(2) within 60 days after the end of the POLICY PERIOD; or*
> *(3) during the extended reporting period.*
>
> *The act, error or omission giving rise to the CLAIM must have occurred:*
> *(1) during the POLICY PERIOD; or*
> *(2) prior to the POLICY PERIOD and on or after the PRIOR ACTS RETROACTIVE DATE, if the INSURED had no knowledge of facts which could reasonably support a CLAIM at the effective date of this policy.*

**EXHIBIT F**

Regional Offices
Philadelphia, PA / Richmond, VA / Atlanta, GA / Towson, MD

phone 800.422.1370
fax 800.305.1510
www.mlmins.com / info@mlmins.com

333 South Seventh Street
Suite 2200
Minneapolis, MN 55402

> *A CLAIM is deemed made when:*
> *(1) a demand is communicated to the INSURED for DAMAGES or PROFESSIONAL SERVICES;*
> *(2) a lawsuit is served upon the INSURED seeking DAMAGES; or*
> *(3) an act, error or omission by any INSURED occurs which has not resulted in a demand for DAMAGES but which an INSURED knows or reasonably should know, would support such a demand.*

The **DEFINITIONS** section of the MLM policy states in part:

> *"CLAIM(S)" means:*
> *(1) A demand communicated to the INSURED for DAMAGES or PROFESSIONAL SERVICES;*
> *(2) A lawsuit served upon the INSURED seeking DAMAGES; or*
> *(3) An act, error or omission by any INSURED which has not resulted in a demand for DAMAGES but which an INSURED knows or reasonably should know, would support such a demand.*

The **REPRESENTATION IN APPLICATION** section of the policy states:

> *The application for coverage is a part of this policy.*
>
> *By acceptance of this policy the INSURED agrees:*
> *(1) the statements in the application are the representations of all INSUREDS;*
> *(2) such representations are material as this policy is issued in reliance upon the truth of such representations; and*
> *(3) this policy embodies all of the agreements between the INSURED, US and/or OUR agent.*

On July 17, 2008, you submitted a *Firm Information Verification* form which states in part:

> *The undersigned further certifies that there have been no other significant changes to the previously submitted application information and is not aware of any claims or circumstances that could reasonably result in claims or disciplinary actions that have not been reported to Minnesota Lawyers Mutual.*

On July 22, 2008, you submitted a R*equest-to-Issue* form, which states in part:

> *The undersigned further certifies that the undersigned is not aware of any claims or circumstances that could result in claims or disciplinary action that have not been reported to Minnesota Lawyers Mutual. If this is not the case, the undersigned will provide immediate written notification to Minnesota Lawyers Mutual Insurance Company before accepting this quotation.*

In addition, on July 22, 2008, you submitted a *Warranty Page*, which states:

> *I further certify that I/we are not aware of any claims or circumstances that could result in claims or disciplinary actions that have not been reported to Minnesota Lawyer's Mutual.*

The information provided to us in regard to this claim indicates that you had knowledge of a possible claim by Ms. Peralta as early as the summer of 2004 when the court granted defendant's motion to dismiss on the basis that transcript of the proceedings held before the Workers' Compensation Commission was not timely filed. Although that order was vacated in September of 2004, the case was ultimately dismissed by the Court of Special Appeals on August 23, 2006 when it reversed and reinstated the lower court's dismissal of Ms. Peralta's case based on the failure to timely file the transcript. In addition, you had knowledge of a possible claim by Ms. Peralta on approximately September 5, 2007 when you were notified by the Attorney Grievance Commission of Maryland of her complaint filed against you. That the Attorney Grievance Commission dismissed Ms. Peralta's complaint with no finding against you does not negate that you had knowledge of a potential claim arising out of your representation of Ms. Peralta.

These facts indicate that you had knowledge of this claim, prior to submission of the *Firm Information Verification* form, *Request-to-Issue* form and *Warranty Page* and prior to the July 15, 2008 effective date of your MLM policy.

In light of these facts and the policy provisions cited above, as well as other not quoted herein, your MLM policy provides no coverage for this claim. Therefore, MLM respectfully declines to defend or indemnify you in regard to this claim and any potential lawsuit that may be filed against you arising out of your representation of Ms. Peralta. Please understand that by relying upon the policy provisions cited above, we are not waiving any of our rights under your MLM policy and we are reserving all of our rights in this regard.

Should you disagree with our conclusion regarding coverage for this claim, we are prepared to review any factual information or legal citation, which you might care to advance in this regard. Additionally, if any other claims are asserted, coverage may apply. Therefore, if any other claims are asserted, please immediately advise us, so that we may determine whether coverage applies.

If you have any questions or would like to discuss this matter further, please feel free to contact me.

Sincerely,

*Anne S Johnson*

Anne S. Johnson
Claim Attorney
Minnesota Lawyers Mutual
333 South Seventh Street
Suite 2200
Minneapolis, MN 55402