## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY MARYLAND

**ROSA D. PERALTA**                               :
4116 Will Street
Capitol Heights, MD 20743                         :

       Plaintiff                             :

v.                                                :      Case No.: 318695V
                                                         FILED ON 8/14/09
**JONATHAN S. SHURBERG, PC**                       :
8720 Georgia Avenue
Suite 700                                         :
Silver Spring, MD 20910

and                                               :

                                             :

**JONATHAN S. SHURBERG**                           :
8720 Georgia Avenue
Suite 700                                         :
Silver Spring, MD 20910

                                             :

       Defendants                            :

---

## COMPLAINT

    COME NOW, Plaintiff, Rosa D. Peralta (hereinafter "Peralta"), Plaintiff, by her

attorneys, Kevin J. Finnegan and Goldberg, Finnegan & Mester, LLC, sues Jonathan S.

Shurberg, PC (hereinafter "the Shurberg Law Firm"), and Jonathan S. Shurberg

(hereinafter "Shurberg"), Defendants, and states as follows:

    1.    Plaintiff Rosa D. Peralta is a resident of Capital Heights, Maryland.

    2.    Upon information and belief, Defendant Jonathan S. Shurberg, PC, the

Shurberg Law Firm, is a Professional Corporation located in Silver Spring and provides

legal services in Montgomery County and the State of Maryland.



EXHIBIT
I

3.      Upon information and belief, Defendant Jonathan S. Shurberg was, at all times relevant, an attorney practicing in Montgomery County, Maryland, and is a partner/principal in the Shurberg Law Firm.  At all times relevant, Defendant Shurberg was acting on behalf of the Shurberg Law Firm and, therefore, the firm is vicariously liable for his negligent acts or omissions.

4.      On April 11, 2002, Plaintiff Peralta fell on a wet floor while in the scope of her employment with Scrupples Janitorial Service (hereinafter "the Employer").  As a result, Plaintiff Peralta suffered an accidental injury, including but not limited to her right knee and low back.

5.      Plaintiff Peralta employed Defendant Shurberg, an attorney who holds himself out to the public as knowledgeable in handling personal injury and worker's compensation actions, to represent her in connection with the April 11, 2002 slip and fall at work.  Upon information and belief, Defendant Shurberg agreed to represent Plaintiff in the claim and entered into an agreement with Plaintiff Peralta for compensation for his services.

6.      A Notice of Claim was filed by Plaintiff Peralta in the Worker's Compensation Commission.

7.      Defendant Shurberg filed a Petition For Judicial Review of the November 2002 decision of the Worker's Compensation Commission which found that Plaintiff Peralta did not sustain an accidental injury.  The Petition was filed by Defendant Shurberg in the Circuit Court for Prince George's County.

8.      A Motion to Transfer venue was filed by the Employer.  The motion was not opposed.

9.    In March 2003, the Circuit Court for Prince George's County granted the unopposed Motion to Transfer Venue, thereby transferring the case to the Circuit Court for Montgomery County, Maryland.

10.    Defendant Shurberg was duty bound under the Maryland Rules of Civil Procedure to timely request a transmittal of the record from the Worker's Compensation Commission, but did not do so.

11.    In June 2004, the Employer filed a Motion to Dismiss the Petition because of Defendant Shurberg's failure to pay for and transmit the record from the Worker's Compensation Commission, as required by Maryland Rule 7-206.

12.    The motion was not opposed, and the Court granted the motion and dismissed the Petition.

13.    In July 2004, Defendant Shurberg filed a Motion to Alter or Amend the Judgment. On the same day, he mailed a check to pay for the transcript.

14.    In September 2004, the Circuit Court for Montgomery County granted Defendant Shurberg's motion to alter or amend the judgment.

15.    The case was tried *de novo* before the Honorable Nelson W. Rupp, Jr. On August 10, 2005, Judge Rupp reversed the Worker's Compensation Commission's decision, finding that Plaintiff Peralta did indeed suffer an accidental personal injury arising out of and in the course of her employment. The Circuit Court for Montgomery County remanded the case to the Worker's Compensation Commission for further proceedings.

16.    The Employer timely appealed to the Court of Special Appeals.

17.     On August 29, 2006, the Court of Special Appeals, in an unreported opinion, held that the Petition for Judicial Review was properly dismissed by the Circuit Court in the first instance, for non-compliance of Maryland Rule 7-206, and that the Court abused its discretion by granting Defendant Shurberg's motion to alter or amend that judgment.   Plaintiff Peralta's rights to any compensation for her accidental injury were extinguished.

## COUNT I
### (LEGAL MALPRACTICE/NEGLIGENCE)

18.     Paragraphs 1 through 17 are incorporated and realleged herein by reference.

19.     Defendant Shurberg owed Plaintiff Peralta a reasonable duty to exercise that degree of care and diligence in pursuing her claims as used by attorneys engaged in the practice of law.   These reasonable duties include (1) bringing actions in a timely manner; (2) timely opposing motions and memorandums; (3) advising his client of her rights to bring a claim against her prior counsel who represented her before the Worker's Compensation Commission; (4) advising his client of procedural requirements associated with the filing of a Petition for Judicial Review, including requesting and transmitting the record from the Commission; (5) following the requirements of any of the applicable Maryland Rules of Civil Procedure regarding the requesting and transmitting of the record from the Worker's Compensation Commission; and (6) advising his client of her appellate rights.

20.     By failing to take action and by failing to exercise diligence in discharging the above reference duties, including but not limited to his failure to follow the Maryland Rules of Civil Procedure, Defendant Shurberg breached the standards reasonably to be

expected of a reasonably competent practitioner in his profession, and in these circumstances, and by his acts and omissions as alleged herein, negligently failed to render proper legal representation to Plaintiff Peralta.

21.    With the exception of Defendant Shurberg's negligence in failing to follow the requirements of the Maryland Rules of Civil Procedure, Plaintiff Peralta would have prevailed on her worker's compensation claim and would have collected worker's compensation benefits.

22.    As a result of Defendant Shurberg's negligence, Plaintiff Peralta suffered economic loss and emotional distress.

WHEREFORE, Plaintiff Peralta demands judgment against Defendant Shurberg for compensatory damages in the amount of One Hundred Thousand Dollars ($100,000), plus interest, costs and any and all other relief to which this Court finds her to be entitled.

## COUNT TWO
### (RESPONDEAT SUPERIOR/VICARIOUS LIABILITY)

23.    Paragraphs 1 through 22 are incorporated and realleged herein by reference.

24.    Defendant Shurberg negligent acts or omissions, as alleged herein, were committed within the scope of his employment with the Shurberg Law Firm.

25.    Defendant Jonathan S. Shurberg, PC is vicariously liable for the negligence of their employees, servants, agents and/or contractors.

26.    As a result of the negligent acts or omissions of their employee/agent, Defendant Shurberg, Plaintiff Peralta suffered economic losses and emotional distress.

WHEREFORE, Plaintiff Peralta demands judgment against Defendant Jonathan S. Shurberg, PC for compensatory damages in the amount of One Hundred Thousand

Dollars ($100,000), plus interest, costs and any and all other relief to which this Court finds her to be entitled.

Respectfully submitted,

Kevin J. Finnegan
GOLDBERG, FINNEGAN & MESTER, LLC
1010 Wayne Avenue, Suite 950
Silver Spring, MD 20910
(301) 589-2999

*Attorney for the Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues raised herein.

Kevin J. Finnegan