IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN S. SHURBERG, P.C.<br>Plaintiff,<br><br>v.<br><br>MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY,<br>Defendant. | Action No. 08:10–CV–2279—AW |

## MEMORANDUM OPINION

Pending before the Court is Defendant Minnesota Lawyers Mutual Insurance Company's motion for Entry of Default on Counterclaim against Plaintiff Jonathan Shurberg. (Doc. No. 13) and Defendant's Motion for Summary Judgment. (Doc. No. 20). Also pending before the Court is Plaintiff's Motion for Extension of Time to file a Response to Defendant's Motion for Summary Judgment. (Doc. No. 22). The Court held a telephonic hearing on these motions on April 12, 2011. For the reasons stated herein and on the record, the Court will DENY as MOOT, and without prejudice, Defendant's Motion for Default Judgment. The Court will also DENY as MOOT Plaintiff's Corrected Motion for Extension of Time. Finally, the Court will GRANT Defendant's Motion for Summary Judgment.

  I.  **FACTUAL BACKGROUND AND PROCEDURAL BACKGROUND**

Rosa de Jesus Peralta ("Peralta"), a former client of Plaintiff Jonathan Shurberg filed a negligence suit against Plaintiff on September 19, 2009. (Doc. No. 2, at 2). Plaintiff claims that he provided notice of the lawsuit to Defendant MLM on October 8, 2009, Plaintiff's professional liability insurance provider, demanding that it provide a defense to the Peralta lawsuit. *Id.*

Defendant did not respond to Plaintiff's request, Plaintiff alleges.  Plaintiff avers that in failing to provide liability coverage for a negligence suit in which Plaintiff was involved, Defendant breached its contract with Plaintiff.   Plaintiff seeks declaratory judgment, requesting that the Court declare that Defendant MLM has a duty to defend and if necessary, indemnify Plaintiff against the claims of the Peralta complaint.

This matter was removed to this Court from the Circuit Court for Montgomery County, Maryland on August 19, 2010. (Doc. No.1).   On that same day, Defendant filed an answer and a counterclaim against Plaintiff.  (Doc. No. 6).   Plaintiff did not timely respond to the Counterclaim.  Defendant then filed the instant Motion for Entry of Default against Plaintiff on October 7, 2010.   Plaintiff then filed his answer to Defendants' Counterclaim on October 25, 2010 (Doc. No. 14).

Subsequently, Defendant filed a motion for summary judgment on January 5, 2011. (Doc. No. 20).  Plaintiff filed a motion for an extension of time to respond to Defendant's Motion for Summary Judgment.  (Doc. No. 22).   In his Motion for an extension of time, Plaintiff requested a two week extension, until February 21, 2011 to file his response.   To date, plaintiff has not yet filed a response to Defendant's Motion for summary judgment.

The Court held a telephonic hearing on the pending motions in this matter on April 12, 2011 at 10:30 A.M.  Despite attempts to contact Plaintiff for the hearing, Defendant represented that he could not reach the Plaintiff.   Plaintiff's assistant called the Court at approximately 10:55 A.M., informing the Court that Plaintiff had attempted to reach opposing counsel, who was initiating the telephonic conference call with chambers.[1]

---

[1] While Plaintiff's assistant represented that Plaintiff attempted to contact opposing counsel for the telephonic hearing held on April 12, 2011, the Court is confounded as to why his assistant did not contact the Court until approximately twenty minutes after the start of the telephonic hearing in order to inform the Court of a problem with Plaintiff attending the hearing.  Plaintiff's general non-responsiveness in this matter, including Plaintiff's

I.     STANDARD OF REVIEW

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). While the evidence of the nonmoving party is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998). Additionally, hearsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment. *See Greensboro Prof'l Fire Fighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

II.     ANALYSIS

As a preliminary matter, the Court will DENY as MOOT (and without prejudice) Defendant's Motion for Default Judgment. The Court will also DENY Plaintiff's Corrected Motion for Extension of Time. The Court will proceed to address the merits of this case by Defendant's Motion for Summary Judgment. Plaintiff has not filed a response to this motion. In

---

failure to comply with pleading deadlines and his failure to be present at a Court scheduled hearing is, to put it mildly, quite stunning.

his request for an extension of time, Plaintiff requested an extension of two weeks to file his response, up until February 21, 2011. However, Plaintiff never filed a response to the Defendant's Motion. Accordingly, the Court deems that Plaintiff has waived his right to file a response to the instant motion.

Defendant Minnesota Lawyers Mutual Insurance Company (MLM) argues that it does not have a duty to defend Plaintiff Shurberg for the actions arising out of Rosa de Jesus Peralta's negligence claim against Plaintiff because the liability insurance policy provided by Defendants does not cover the Peralta action. Defendant bases its argument on two independent grounds.

### a. Prior Acts Retroactive Date Endorsement Bars Coverage

First, the insurance policy at issue in this case contains a "Prior Acts Retroactive Date Endorsement." According the Defendant, this clause "extends coverage back to the Prior Acts Retroactive Date of July 15, 2004, but not as far back as Shurberg's error." Doc. No. 20-1, at 14. Defendant MLM alleges that because the error which Ms. Peralta predicated her damage claim against Shurberg occurred well before July 15, 2004 (the Prior Acts Retroactive Date), the Minnesota Lawyers Mutual Insurance Company has no duty to defend or indemnify Shurberg. Defendant argues that Plaintiff Shurberg's act or omission occurred before July 15, 2004. The Defendant points to three events which demonstrate that Shurberg's acts occurred before the Prior Acts Retroactive date:

1) In June 2004, the Peralta's employer filed a Motion to Dismiss Peralta's Petition for Judicial Review of Peralta's Worker's Compensation Commission Decision which found that Peralta had not sustained an accidental injury. The employer filed this Motion to Dismiss because of Defendant Shurberg's failure to pay for and transmit the record from the Worker's Compensation Commission, as required by Maryland Rule 7-206.

2) The Motion was not opposed, and the Court granted the motion and dismissed the Petition.

3) In July 2004, Defendant Shurberg filed a Motion to Alter or Amend the Judgment. On the same day, he mailed a check to pay for the transcript.

**b. Plaintiff Shurberg's Knowledge of Facts that could Support a Claim by his Client Prior to the July 2008 effective Date of the Policy**

Defendant MLM avers that a prerequisite to coverage under the MLM policy is that the insured satisfy the Policy's "Claims Made Provisions." According to the Defendant, these provisions, "plainly and unambiguously provide that the conditions to be satisfied for defense and indemnification of claims based upon malpractice occurring before the policy period require that the insured have 'no knowledge of facts which could reasonably support a claim at the effective date of this policy.'" (Doc. No. 20-1, at 16). Defendant maintains that Plaintiff had knowledge of facts that could have reasonably supported a claim against him prior to the effective date of the policy on July 15, 2008. It appears undisputed that the Plaintiff should have known of the facts that would support a malpractice claim against him. Defendant points to the following undisputed facts to support its argument:

1) Shurberg knew that he had made an error in perfecting his client's appeal;

2) He knew that the trial court concluded his client's claim for a work-related injury had merit and that he had failed to persuade the Maryland Court of Special Appeals to uphold the trial court's granting the motion to alter or amend the judgment and that he had lost an appeal to overturn that decision; and

3) Prior to July 15, 2008, he knew that his client's case was extinguished because of his failure to comply with a Maryland procedural requirement.

Defendant MLM directs the Court to *Culver v. Continental Ins. Co.*, 11 Fed. Appx. 42, 45-46 (4th Cir. 1999), which asserted "We reject Culver's [the insured] argument that the forseeable claims exclusion requires an applicant for malpractice coverage to disclose only those claims that the applicant, in his own subjective judgment, deems reasonable. The plain language

of the application excludes coverage for *any* claim, meritorious or otherwise, than an applicant could have reasonably foreseen at the time the policy issued."

Taking these facts into consideration, it is undisputed that the insurance policy in dispute in this case did not cover the Peralta claim. As the Defendant highlights, Plaintiff's acts or omissions all occurred before July 15, 2004, the Prior Acts Retroactive Date in the policy. Moreover, Plaintiff appeared to have knowledge of facts that could support a claim against him prior to July 2008, the effective date of the policy, thus barring coverage under the MLM policy. The Court finds that these undisputed facts bar coverage of the Peralta claim under the policy. Accordingly, the Court will **GRANT** Defendant's Motion for Summary Judgment.

## CONCLUSION

For the reasons stated herein and on the record, the Court will **DENY** as **MOOT** and without prejudice, Defendant's Motion for Default Judgment. The Court will also **DENY** as **MOOT** Plaintiff's Corrected Motion for Extension of Time. Finally, the Court **GRANTS** Defendant's Motion for Summary Judgment.


Date: April 12, 2011                    /s/
                                                                                      Alexander Williams, Jr.
                                                                                      United States District Judge